**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| EVANGERLIST ROBINSON, ) | |
| ) | No. 4:13-cv-00823-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Thomas E. Rogers's Report and Recommendation ("R&R) that the court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff Evangerlist Robinson's ("Robinson") application for disability insurance benefits ("DIB"). Robinson has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

### I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

**A. Procedural History**

Robinson filed an application for DIB on March 10, 2010, alleging that he had been disabled since August 11, 2005. The Social Security Administration ("the Agency") denied Robinson's application both initially and on reconsideration. Robinson requested a hearing before an administrative law judge ("ALJ") and ALJ Arthur L. Conover presided over a hearing held on September 19, 2011. In a decision issued on December 16, 2011, the ALJ determined that Robinson was not disabled. This decision became the

1

final decision of the Commissioner when the Appeals Council denied further review on February 8, 2013.

On March 27, 2013, Robinson filed this action for judicial review. On July 31, 2014, the magistrate judge issued an R&R, recommending that this court affirm the ALJ's decision. Robinson objected to the R&R on August 18, 2014 and the Commissioner responded to Robinson's objections on September 5, 2014. This matter has been fully briefed and is now ripe for the court's review.

### B. Robinson's Medical History

Because a comprehensive description of Robinson's medical history is not particularly helpful to the resolution of this case, the court here recites only a few relevant facts. Robinson was thirty-five years old on the alleged onset date. She has a college degree in criminal justice and past relevant work experience as a sales clerk, a mail clerk, a customer service representative, a census examiner, a correctional officer, and a deli operator. In her application, Robinson alleged disability due to neck, shoulder, elbow, and hand problems as well as headaches.

### C. ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the

claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined by his residual functional capacity ("RFC")) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

At the first and second steps of the sequential evaluation, the ALJ found that Robinson had not engaged in substantial gainful activity from August 11, 2005 through December 31, 2010, her date last insured, and that Robinson suffers from the following severe impairments: residuals from right shoulder surgeries, obesity, and neck degeneration. Tr. 18. At the third step, the ALJ determined that Robinson's impairments or combination thereof did not meet or equal the criteria of an impairment listed in the Agency's Listing of Impairments. Tr. 19. Before reaching the fourth step, the ALJ determined that Robinson retained the RFC to perform sedentary work with several restrictions. Tr. 19. Specifically, the ALJ limited Robinson to "simple, routine work" with "no pushing/pulling with the right dominant arm; occasional climbing of ramps or stairs; occasional stooping, keeling and crouching; no climbing of ladders, ropes or

3

scaffolds and no crawling; no overhead reaching with the right dominant arm and avoidance of vibration, heights and dangerous machinery." Tr. 19. At step four, the ALJ found that Robinson was unable to perform any of his past relevant work. Tr. 24. Finally, at the fifth step, the ALJ found that Robinson could perform jobs existing in significant numbers in the national economy and concluded, therefore, that she was not disabled during the period at issue. Tr. 25.

## II.   STANDARD OF REVIEW

The court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). The court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

## III.  DISCUSSION

Robinson objects to the R&R on four grounds, arguing the magistrate judge erred in:  (1) finding that the ALJ properly explained his assessment of Robinson's RFC; (2) finding that the ALJ properly assessed Robinson's depression as a non-severe impairment; (3) finding that the ALJ properly assessed Robinson's credibility; and (4) finding that the ALJ did not err in failing to consider a closed period of disability.

The court will discuss each of Robinson's objections in turn.

### A.    Evaluation of RFC

Robinson first argues that the magistrate judge erred in finding the ALJ properly explained his assessment of Robinson's RFC.  Pl.'s Objections 1.  Specifically, Robinson argues the ALJ failed to properly consider the opinions of physical therapist Tracy Hill, state agency physician Dr. Darla Mullaney, and psychologist Dr. Robert E. Brabham when assessing Robinson's RFC.  Pl.'s Objections 1-5.

#### 1.    Hill's Opinion

Robinson essentially argues that the magistrate judge erred in finding the ALJ's evaluation of Hill's opinion is supported by substantial evidence.  Pl.'s Objections 2.  Robinson contends that the magistrate judge's R&R is flawed because he justifies the ALJ's assessment by referencing a statement that is not "directed specifically to Tracy Hill's treatment records" and fails to recognize that "Hill's . . . treatment records and objective findings were actually more limiting than Robinson's subjective statements." Id.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence.  20 C.F.R. § 404.1527(c).  Medical opinions are evaluated pursuant to the following non-exclusive

5

list:  (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.  Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005).  The regulations distinguish acceptable medical sources from "other sources," which include physical therapists.  See Craig v. Charter, 76 F.3d 585, 590 (4th Cir. 1996).  Evidence from sources other than acceptable medical sources may be used to show the severity of a claimant's impairments and how it affects the claimant's ability to work.  20 C.F.R. § 404.1513(d).  "The evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case."  SSR 06-03p.  "Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case."  Id.  When evaluating such a source, "the adjudicator generally should explain the weight given to opinion[] . . . or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  Id.

As a physical therapist, Hill is considered an "other source" whose opinions are entitled to "significantly less weight."  Craig, 76 F.3d at 590.  After a lengthy and detailed account of Hill's treatment records, the ALJ concluded that "[t]he clinical picture reflected in these treatment records shows quite limited objective findings to support the

degree of limitations asserted by the claimant . . . ."[1] Tr. 22-23. As a result, the ALJ afforded little weight to Hill's opinion as it relates to Robinson's sitting limitations. The court finds that the ALJ adequately considered Hill's opinion and that his decision to afford a portion of it little weight is supported by substantial evidence.

Accordingly, this objection is overruled.

### 2. Dr. Mullaney's Opinion

Robinson next contends that the magistrate judge improperly found that the ALJ's failure to discuss Dr. Mullaney's opinion was harmless error. Pl.'s Objections 3.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence. 20 C.F.R. § 404.1527(c). "Administrative Law Judges . . . may not ignore these opinions and must explain the weight given to these opinions in their decisions." SSR 96-6p, 1996 WL 374180 at *1 (July 2, 1996).

Even though Dr. Mullaney opined that Robinson was limited to only occasional handling and fingering of the right hand due to pain, Tr. 515, the ALJ failed to mention Dr. Mullaney's opinion in his decision. While he notes that his conclusion that Robinson is not disabled "is further supported by the opinions of the State agency medical consultants," Tr. 25, his assessment of Robinson's RFC does not include any limitations of fingering or handling. Tr. 19.

While normally the ALJ's failure to consider a medical opinion in his RFC determination would require remand, see Ivey v. Barnhart, 393 F. Supp. 2d 387, 389-390

---

[1] Robinson contends that, because the ALJ is not specifically referencing Hill's treatment records in this statement, they cannot be relied on to support the ALJ's assessment of Hill's opinion. Pl.'s Objection 2. However, it is clear from both the statement's context and placing that the ALJ was referencing all of the treatment records discussed in his RFC assessment, including Hill's notes.

(E.D.N.C. 2005) ("[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision." (citing Murphy v. Brown, 810 F.2d 433, 438 (4th Cir. 1987)), any error by the ALJ here was harmless.

At the ALJ hearing, after considering Robinson's RFC, which did not include any fingering and handling limitations, the VE concluded she could perform the jobs of surveillance system monitor and telephone quotation clerk. Tr. 54. The Dictionary of Occupational Titles provides that the profession of surveillance system monitor does not require any fingering and handling. DOT #379.367-010. Furthermore, the VE's testimony that there are 125,000 surveillance monitor jobs nationally and 2,000-3,000 in South Carolina indicates that a significant number of jobs exist in this profession. Tr. 54. See, e.g., Hicks v. Califano, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (finding that as few as 110 jobs locally may constitute a significant number of jobs). Even with an RFC including fingering and handling limitations, Robinson would still be able to perform jobs existing in significant numbers in the economy. Therefore, because remand to the ALJ would amount to little more than an empty exercise, the court finds that the ALJ's failure to consider Dr. Mullaney's opinion is harmless error. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (applying harmless error analysis in Social Security case); see also Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000) (holding that a remand is not necessary if it would "amount to no more than an empty exercise"); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."); Austin v. Astrue, 2007 WL 3070601, *6 (W.D. Va. Oct. 18, 2007) (holding that "[e]rrors are harmless in

Social Security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error").

Therefore, this objection is overruled.

### 3. Dr. Brabham's Opinion

Robinson next argues that the magistrate judge erred in finding the ALJ properly discounted the opinion of Dr. Brabham, a psychologist who evaluated Robinson. Pl.'s Objections 4. Robinson argues the magistrate judge relied on reasons not specifically given by the ALJ when finding the ALJ properly accorded Dr. Brabham's opinion little weight. Id.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence. 20 C.F.R. § 404.1527(c). In general, more weight is given to the opinion of a "source who has examined [a claimant] than to the opinion of a source who has not." 20 C.F.R. § 404.1527(c)(1).

On November 9, 2009, Dr. Brabham evaluated Robinson and opined that she would be unable to effectively perform the essential duties in any gainful work activity. Tr. 22. The ALJ found that Robinson's case record, when considered in its entirety, did not support Dr. Brabham's opinion, and therefore, he decided to accord it little weight. Tr. 23. The ALJ further noted that Dr. Brabham's "conclusions were based upon the claimant's subjective narrative and not upon any objective findings. The claimant does not receive mental health treatment or medications for a mental health disorder." Tr. 23.

Robinson's objection is essentially an invitation to the court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not within

the province of this court. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ).

Therefore, this objection also fails.

### B.     Severe Impairments

Robinson next contends that the magistrate judge erred in finding that any error by the ALJ finding Robinson's depression to be non-severe was harmless. Pl.'s Objections 5-6. Robinson argues that the ALJ did not properly consider evidence "documenting difficulties in concentration due to depression as well as pain" in his assessment of Robinson's RFC.[2] Id.

Regulations require that an ALJ "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe," in determining the claimant's RFC. 20 C.F.R. § 404.1545(e); see also SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). With regard to mental impairments, "the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8p (emphasis added). Instead, "[t]he mental RFC

---

[2]To the extent Robinson argues the ALJ erred in finding his depression non-severe at step two, such an error is harmless because the ALJ considered depression in subsequent steps. See Washington v. Astrue, 698 F. Supp. 2d 562, 580 (D.S.C. 2010) (finding "no reversible error where the ALJ does not find an impairment severe at step two provided that he or she considers that impairment in subsequent steps"); Singleton v. Astrue, No. 9:08-cv-1982, 2009 WL 1942191, at *3 (D.S.C. July 2, 2009) ("Even were the court to agree that Plaintiff's depression should have been found 'severe' at step two, any error would be harmless because if Plaintiff makes a threshold showing of any 'severe' impairment, the ALJ continues with the sequential evaluation process and considers all impairments, both severe and nonsevere.").

10

assessment used at steps 4 and 5 of the sequential evaluation process requires a <u>more detailed assessment</u> by itemizing various functions contained in the broad categories found in paragraphs B and C." Id. (emphasis added).

In assessing Robinson's RFC, the ALJ performed a more detailed assessment of the paragraph B factors for Robinson's mental impairment as required by SSR 96-8p. Specifically, the ALJ noted the various reports of Robinson's suicidal ideations and depression and Dr. William Odom's recommendation that she receive a psychological pain management evaluation and treatment as a result. Tr. 21. The ALJ also discussed Robinson's voluntary admission to Palmetto Health "because of depression and questionable psychosis." Tr. 22. Finally, the ALJ extensively discussed Dr. Robert Phillip's psychological evaluation of Robinson, noting that Robinson "demonstrated the ability to maintain most of her activities of daily living and was able to interact appropriately." Tr. 23.

The ALJ's analysis of Robinson's mental impairment in his RFC determination is supported by substantial evidence. Therefore, Robinson's RFC would have been the same even if Robinson's depression had been considered a severe impairment. See Sawyer v. Colvin, 995 F. Supp. 2d 496, 509 (D.S.C. 2014) (finding no reversible error to the extent the ALJ erred in finding mental impairments non-severe at step two, because the ALJ properly considered those impairments in determining claimant's RFC).

Therefore, this objection is overruled.

### C. Credibility

Robinson next argues that the magistrate judge erred in finding the ALJ properly assessed her credibility. Pl.'s Objections 6. Specifically, Robinson argues the ALJ's credibility determination is based solely on his interpretation of Robinson's activities of daily living, which Robinson asserts is an inadequate basis on which to assess a claimant's credibility. Id.

The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective allegations of pain. Craig v. Chater, 76 F.3d 585, 594. First, the ALJ must determine that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. Id.; SSR 96-7p. Second, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." Craig, 76 F.3d at 595; SSR 96-7p. This evaluation

> must take into account not only the claimant's statements about her pain, but also all the available evidence, including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

An ALJ evaluating a claimant's subjective complaints "should refer specifically to the evidence informing the ALJ's conclusion." Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989). This "duty of explanation . . . is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process." Id. In addition, an ALJ's decision regarding a claimant's credibility "must contain

specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

In his decision, the ALJ's credibility analysis outlined the required two-step process and identified specific reasons for his credibility finding supported by the record. With respect to Robinson's activities of daily living, the ALJ noted that Robinson performs some household chores, attends church, and has a driver's license. Tr. 23. However, contrary to Robinson's assertion, the ALJ does not only rely on her activities of daily living to assess her credibility. The ALJ further noted that limited findings supported the degree of physical limitations asserted by Robinson. Id. The ALJ discussed numerous medical records indicating Robinson's pain was out of proportion to the objective findings. Tr. 21. Additionally, the ALJ found that Robinson's physician's records did "not show that she reported to them limitations of the severity she alleged." Tr. 23.

The ALJ had the responsibility to disregard Robinson's testimony to the extent it is inconsistent with the evidence in the record. See Johnson v. Barnhart, 434 F.3d 650 at 653 (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). "The ALJ is required to make credibility determinations—and therefore sometimes must make negative determinations—about allegations of pain or other nonexertional disabilities." Hammond v. Hacker, 765 F.2d 424, 426 (4th Cir. 1985). Here, Robinson's objection is essentially an invitation to the court to reweigh the evidence and come to its own

credibility determination. As such, the court declines to substitute its judgment for that of the ALJ.

Accordingly, this objection is overruled.

### D.     Closed Period of Disability

Robinson's final objection is that the magistrate judge improperly determined that the ALJ did not err by failing to consider a closed period of disability. Pl.'s Objections 7. Specifically, Robinson argues the ALJ failed to consider records dating from August 12, 2005 through October 6, 2008 in which Dr. Coleman Fowble and Dr. Michael S. Green "continually indicated Robinson should stay out of work." Pl.'s Objections 7, Pl.'s Br. 33-34.

A claimant is entitled to a period of disability only if the claimant files an application for benefits "while disabled, or no later than 12 months after the month in which [the] period of disability ended."[3] 20 C.F.R. § 404.320(b)(3). Robinson filed her application for DIB on March 10, 2010. Therefore, Robinson's alleged period of disability must have ended no earlier than March 10, 2009, one year prior to the filing of her application for DIB. Id.

Taking a liberal view of Robinson's alleged closed period of disability, the case record reveals Robinson's last visit to either doctor occurred on December 5, 2008, when Robinson had a follow up appointment with Dr. Green. Tr. 238. This was well over a year before March 10, 2010. Because Robinson did not file an application for DIB within twelve months of her alleged closed period of disability, remand is not warranted

---

[3] 20 C.F.R. § 404.320(b)(3) extends this to period to 36 months if the plaintiff can show a physical or mental impairment that resulted in the failure to apply within the initial 12 month period. There is no evidence of such an impairment in this case.

on this basis. See 20 C.F.R. § 414.320(b)(3); Hurley v. Astrue, 714 F. Supp. 2d 888, 900-01 (N.D. Ill. 2010) (finding the alleged closed period of disability did not meet the requirements of 20 C.F.R. 404.320(b)(3) because of claimant's untimely application for benefits, and therefore remand for consideration of this period was improper).

Therefore, this objection is overruled.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 29, 2013**
**Charleston, South Carolina**